1  JAMES F. CLAPP (145814)
   J. KIRK DONNELLY (179401)
2  MARITA M. LAUINGER (199242)
   DOSTART CLAPP & COVENEY, LLP
3  4370 La Jolla Village Dr. Ste. 970
   San Diego, CA 92122
4  Tel.  (858) 623-4200
   Fax. (858) 623-4299
5
6  Attorneys for Plaintiffs

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11 ELAINE TIFFANY, and SHANNON          )   CASE NO. C-05-00047 SBA
   WHITEHEAD, individually, and on behalf )
12 of all others similarly situated,    )   ORDER GRANTING PLAINTIFFS'
                                         )   MOTION TO REMAND
13                                       )
                    Plaintiffs,          )   Date:   May 3, 2005
14 vs.                                   )   Time:   1:00 p.m.
                                         )   Ctrm:   3
15 HOMETOWN BUFFET, INC., and DOES 1 )
   through 50, inclusive,               )   Hon. Saundra B. Armstrong
16                                       )
                    Defendants.         )
17 _____)

18        The motion by plaintiffs Elaine Tiffany ("Tiffany") and Shannon Whitehead ("Whitehead") to

19 remand their lawsuit to the San Francisco Superior Court came on regularly for hearing

20 before the Hon. Saundra B. Armstrong, United States District Judge.  The parties were represented by

21 their respective counsel of record.  The Court, having reviewed and considered the evidence and

22 arguments of the parties, hereby GRANTS plaintiffs' motion.

23 I.       FACTUAL BACKGROUND.

24        This is a putative class action lawsuit for unpaid overtime and other wages brought on behalf of

25 California salaried managers of defendant Hometown Buffet, Inc.  Plaintiffs allege that defendant

26 misclassified its California salaried managers as "exempt" employees, thereby denying them overtime

27 pay in violation of California law.  The lawsuit alleges seven causes of action, all of which are based

28 on state law: (1) recovery of overtime pay under Labor Code section 1194; (2) restitution of overtime

[Proposed] Order Granting Plaintiffs' Motion to Remand                    Case No. C-05-000047 SBA

1  pay; (3) violation of Labor Code section 3751; (4) violation of Bus. & Prof. Code section 17200 et seq.;

2  (5) penalties under Labor Code section 203; (6) penalties under Labor Code section 226; and (7)

3  damages under Labor Code section 226.7.  The complaint does not allege or demand any specific

4  amount of damages.

5       Plaintiffs originally filed their complaint in the San Francisco Superior Court on November 12,

6  2004.  After answering in the Superior Court, defendant removed the case to this Court on

7  January 4, 2005.  In its Notice of Removal, defendant argued that diversity jurisdiction exists because:

8  (1) the parties are citizens of different states (a fact that plaintiffs do not dispute); and (2) the claims of

9  plaintiff Whitehead exceed $75,000, exclusive of interests and costs.[1]

10       On February 3, 2005, plaintiffs filed a timely motion to remand.  In their motion, plaintiffs

11  contend that defendant has overstated the value of Whitehead's claims.  Under plaintiffs' calculations,

12  Whitehead's claims are worth no more than $58,180.10, so diversity jurisdiction does not exist.

13  II.   LEGAL STANDARD

14       In a motion to remand, the burden of proving the propriety of removal rests with the removing

15  party.  United Computer Systems v. AT&T Corp., 298 F.3d 756, 763 (9th Cir. 2002).  Because

16  defendant has removed based on diversity jurisdiction, defendant must prove by a preponderance of the

17  evidence that the amount-in-controversy exceeds $75,000.  28 U.S.C. section 1332.  In class action

18  cases, the amount-in-controversy requirement is met if the claims of at least one of the named plaintiffs

19  exceed $75,000; if so, the Court may assert supplemental jurisdiction over the claims of all other

20  putative class members.  28 U.S.C. section 1367; Gibson v. Chrysler Corp., 261 F.3d 927, 933-39 (9th

21  Cir. 2001).

22       In ruling on this motion, the Court is guided by the principle that the removal statutes are strictly

23  construed against removal, and if there is any doubt as to the propriety of removal, the lawsuit must be

24  remanded to state court.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

25  ///

26

27       _____

[1]      Defendant does not assert that the claims of the other named plaintiff, Elaine Tiffany,
28       exceed $75,000.

III.     ANALYSIS

Defendant contends the value of Whitehead's claim for unpaid overtime wages is $51,597, and when combined with his other claims for various penalties, unpaid bonus wages, and attorney's fees, the total value of his claims exceeds $75,000.  Plaintiffs, on the other hand, argue that the value of Whitehead's claims is less than $60,000.  On balance, the Court finds that defendant has not met its burden of proof that the value of Whitehead's claims exceeds $75,000.

A.     Overtime Claim.  Defendant contends Whitehead's overtime claim is worth $51,597. See Notice of Removal, para. 14(a).  However, defendant premises this argument on the assumption that Whitehead will claim he worked at least 15 hours of overtime each week he was employed by defendant. Defendant offers no evidence on this point, and instead bases its assumption on information and belief. Notice of Removal, para. 14(a), page 5, line 10.  By contrast, Whitehead has offered the Court concrete evidence, in the form of a sworn declaration, that he worked an average of 10 overtime hours per week. Declaration of Shannon Whitehead, para. 2.  Based on this testimony, plaintiffs calculate that Whitehead's overtime claim is worth $30,629.60.  The Court is persuaded by Whitehead's argument and finds that Whitehead's overtime claim is worth $30,629.60.[2]

B.     Labor Code section 203 Penalties.  Defendant contends that Whitehead's claim for penalties under California Labor Code section 203 is worth $6,825.   Notice of Removal, para. 14(b). Defendant's calculation is based on an assumption that Whitehead worked 15 overtime hours per week, or 3 overtime hours per day.  However, plaintiffs argue that since Whitehead declared that he worked only 10 overtime hours per week, or 2 overtime hours per day, his Labor Code section 203 claim is worth only $6,096.  The Court is persuaded by Whitehead's argument and finds that Whitehead's Section 203 claim is worth $6,096.

C.     Labor Code section 226 Penalties.  The parties do not dispute that Whitehead's claim under California Labor Code section 226 is worth $4,000, so the Court adopts this valuation.

///

---

[2]     The Court also notes that defendant overstated both the number of weeks Whitehead worked as well as his overtime rate of pay, which further inflated defendant's calculations.

1    D.    Additional Bonus Wages.  Similarly, the parties do not dispute that Whitehead's claim

2    for additional bonus wages under California Labor Code section 3751 and Bus. & Prof. Code section

3    17200 et seq. is worth $3,000, so the Court adopts this valuation.

4    E.    Attorney's Fees.  In class action cases, attorney's fees cannot be aggregated or attributed

5    solely to the named class representatives in order to meet the jurisdictional threshold.  Gibson v.

6    Chrysler, supra, 261 F.3d at 942.  Instead, any potential attorney's fee award must be apportioned pro

7    rata among the entire class.  Id.

8    Plaintiff estimates that Whitehead's pro rata share of attorney's fees would not exceed

9    $2,000.  On the other hand, defendant contends that Whitehead's share of attorney's fees could be

10   $10,000 or more.  However, based on defendant's estimate that there are at least 500 class members, this

11   $10,000 figure assumes that the Court would award attorney's fees of at least $5,000,000.  This seems

12   excessive to the Court.  Instead, plaintiffs have offered the Court a concrete example from a similar

13   overtime class action of similar size in which the pro rata attorney's fees amounted to $1,706 per class

14   member.  (Declaration of J. Kirk Donnelly, para. 5.)  In attempting to determine the value of a claim,

15   the Court is entitled to consider awards in similar cases.  See Simmons v. PCR Technology, 209

16   F.Supp.2d 1029, 1031 (N.D. Cal. 2002).  The Court accepts plaintiffs' estimate that the value of

17   Whitehead's share of attorney's fees is worth no more than $2,000.

18   F.    Potential Incentive Payment.  In its opposition to plaintiffs' motion, defendant raises for

19   the first time its argument that the value of a potential class representative incentive payment should be

20   included in amount-in-controversy calculation.  The Court rejects this argument for three reasons.  First,

21   it is incumbent upon the removing party to specify all bases for removal in its removal petition.  Johnson

22   v. America Online, 280 F.Supp.2d 1018, 1026 (N.D. Cal. 2003); Sonoma Falls Developers, LLC v.

23   Nevada Gold & Casinos, Inc., 272 F.Supp.2d 919, 926 (N.D. Cal. 2003).  Defendant's argument about

24   including an incentive payment appears nowhere in its removal petition.  Second, defendant has failed

25   to cite a single case that allows a potential incentive payment to be included in the amount-in-

26   controversy calculation.  Third, incentive payments are not properly viewed as a component of the

27   named plaintiffs' potential recovery which, for purposes of determining diversity jurisdiction, includes

28   only claims for special and general damages, attorneys' fees and punitive damages.  Simmons, supra,

209 F.Supp.2d at 1031.  Incentive payments do not fall within any of these four categories.  Rather, incentive payments are more analogous to costs, which are excluded from the calculation of the amount in controversy under 28 U.S.C. section 1332(a).  <u>Continental Illinois Sec. Lit.</u>, 962 F.2d 566, 571 (7th Cir. 2002) (incentive payments to the class representative "could be thought the equivalent of the lawyers' nonlegal but essential case-specific expenses, such as long-distance phone calls, which are reimbursable").  Accordingly, the Court finds that the value of a potential incentive payment to Whitehead should not be included in the calculation of the amount-in-controversy.

G.     <u>Rest and Meal Breaks.</u>  Finally, the parties dispute the value of Whitehead's claim for rest and meal breaks under California Labor Code section 226.7.  Plaintiffs contend that the claim is worth no more than $12,545.50, based on a three-year statute of limitations as provided under California Code of Civil Procedure section 338(a). Defendant contends that Whitehead's claim is worth $20,469.62, based on a four-year statute of limitations under California Bus. & Prof. Code section 17200 <u>et seq.</u>  The Court notes that it is an unsettled question whether the one-hour-of-pay remedy under Section 226.7 is a "penalty" or a "wage," and whether the limitations period is one, three, or four years.  However, the Court finds it unnecessary to resolve this issue, since even if the Court were to accept defendant's figure, the value of Whitehead's claims remains well under $75,000.

IV.    <u>CONCLUSION</u>

The Court finds that defendant has failed to meet its burden of proof that the value of Whitehead's claims exceeds $75,000.  Accordingly, plaintiffs' motion is GRANTED, and the lawsuit is remanded to the Superior Court of California for San Francisco County.  All matters calendared in this action are VACATED.

IT IS SO ORDERED.

Dated: ____April 28_____, 2005          /s/ Saundra Brown Armstrong_____
                                               HON. SAUNDRA B. ARMSTRONG
                                               United States District Judge